AF Approval _____                    Chief Approval ___JK2___

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 8:15-cr-26-T-24MAP

JORGE LUIS PUELLO-PANTOJA

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by

Maria Chapa Lopez, United States Attorney for the Middle District of

Florida, and the defendant, Jorge Luis Puello-Pantoja, and the attorney for the

defendant, Daniel Castillo, mutually agree as follows:

**A.**   **Particularized Terms**

1.   Count Pleading To

The defendant shall enter a plea of guilty to Count One of the

Indictment.  Count One charges the defendant with conspiracy to distribute

more than five kilograms of cocaine knowing and intending that such

substance would be unlawfully imported into the United States, in violation of

21 U.S.C. §§ 963, 960(b)(1)(B)(ii), and 959.

2.   Minimum and Maximum Penalties

Count One is punishable by a mandatory minimum term of

imprisonment of ten years up to a maximum of life imprisonment, a fine of

Defendant's Initials _____

up to $10,000,000, a term of supervised release of at least five years up to life, and a special assessment of $100. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense, or to the community, as set forth below.

3.    Alleyne v. United States and Apprendi v. New Jersey

Under Alleyne v. United States, 570 U.S. 99 (2013), and Apprendi v. New Jersey, 530 U.S. 466 (2000), a minimum sentence of ten (10) years' imprisonment and a maximum sentence of life imprisonment may be imposed because the following facts have been admitted by the defendant and are established by this plea of guilty:

The defendant was part of a conspiracy to distribute more than five kilograms of cocaine knowing and intending that such substance would be unlawfully imported into the United States.

4.    Elements of the Offense

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

First:    That two or more people in some way agreed to try to accomplish a shared and unlawful plan to

Defendant's Initials ⟋⟍⟋⟍.        2

distribute cocaine, knowing and intending that such substance would be unlawfully imported into the United States;

Second: The defendant knew the unlawful purpose of the plan and willfully joined in it; and

Third: The object of the unlawful plan was to distribute more than five kilograms of cocaine, knowing and intending such substance would be unlawfully imported into the United States.

5. Counts Dismissed

At the time of sentencing, the remaining count against the defendant, Count Two, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

6. No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

7. Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant

Defendant's Initials J.P.P.  3

to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

8.   Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion

Defendant's Initials ⟨JPP⟩          4

pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

9.    Cooperation - Substantial Assistance to be Considered

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a

Defendant's Initials ⏾⏾⏾                5

motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both. If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b). In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

      10.    Use of Information - Section 1B1.8

      Pursuant to USSG §1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation and pursuant to this agreement shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG §1B1.8(b).

Defendant's Initials J.D.D.      6

11.   Cooperation - Responsibilities of Parties

a.   The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime.  However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

b.   It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

(1)   The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(2)   The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and

Defendant's Initials _____          7

may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement. With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3)     The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant

Defendant's Initials J.P.P.          8

agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4)     The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5)     The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

12.     Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 21 U.S.C. §§ 853 and 970, whether in the possession or control of the United States, the defendant or defendant's nominees.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative

Defendant's Initials _____        9

forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

If the United States seeks the forfeiture of specific assets pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by

Defendant's Initials _____         10

the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant further agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for

Defendant's Initials _____          11

acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed forfeiture amount, is collected in full.

## B.    **Standard Terms and Conditions**

### 1.    Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further

Defendant's Initials _____        12

understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

2.     Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.     Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed

Defendant's Initials _____     13

from the United States, denied citizenship, and denied admission to the
United States in the future.

4.    Sentencing Information

The United States reserves its right and obligation to report to the
Court and the United States Probation Office all information concerning the
background, character, and conduct of the defendant, to provide relevant
factual information, including the totality of the defendant's criminal activities,
if any, not limited to the count(s) to which defendant pleads, to respond to
comments made by the defendant or defendant's counsel, and to correct any
misstatements or inaccuracies.  The United States further reserves its right to
make any recommendations it deems appropriate regarding the disposition of
this case, subject to any limitations set forth herein, if any.

5.    Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P.
32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United
States Attorney's Office within 30 days of execution of this agreement an
affidavit reflecting the defendant's financial condition.  The defendant
promises that his financial statement and disclosures will be complete,
accurate and truthful and will include all assets in which he has any interest or
over which the defendant exercises control, directly or indirectly, including

Defendant's Initials                    14

those held by a spouse, dependent, nominee or other third party.  The

defendant further agrees to execute any documents requested by the United

States needed to obtain from any third parties any records of assets owned by

the defendant, directly or through a nominee, and, by the execution of this

Plea Agreement, consents to the release of the defendant's tax returns for the

previous five years.  The defendant similarly agrees and authorizes the United

States Attorney's Office to provide to, and obtain from, the United States

Probation Office, the financial affidavit, any of the defendant's federal, state,

and local tax returns, bank records and any other financial information

concerning the defendant, for the purpose of making any recommendations to

the Court and for collecting any assessments, fines, restitution, or forfeiture

ordered by the Court.  The defendant expressly authorizes the United States

Attorney's Office to obtain current credit reports in order to evaluate the

defendant's ability to satisfy any financial obligation imposed by the Court.

6.    Sentencing Recommendations

It is understood by the parties that the Court is neither a party to

nor bound by this agreement.  The Court may accept or reject the agreement,

or defer a decision until it has had an opportunity to consider the presentence

report prepared by the United States Probation Office.  The defendant

understands and acknowledges that, although the parties are permitted to

Defendant's Initials _J.P.P_                    15

make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

   7.   Defendant's Waiver of Right to Appeal the Sentence

          The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c)

Defendant's Initials _____        16

the ground that the sentence violates the Eighth Amendment to the
Constitution; provided, however, that if the government exercises its right to
appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the
defendant is released from his waiver and may appeal the sentence as
authorized by 18 U.S.C. § 3742(a).

  8. Middle District of Florida Agreement

   It is further understood that this agreement is limited to the
Office of the United States Attorney for the Middle District of Florida and
cannot bind other federal, state, or local prosecuting authorities, although this
office will bring defendant's cooperation, if any, to the attention of other
prosecuting officers or others, if requested.

  9. Filing of Agreement

   This agreement shall be presented to the Court, in open court or
in camera, in whole or in part, upon a showing of good cause, and filed in this
cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

  10. Voluntariness

   The defendant acknowledges that defendant is entering into this
agreement and is pleading guilty freely and voluntarily without reliance upon
any discussions between the attorney for the government and the defendant
and defendant's attorney and without promise of benefit of any kind (other

Defendant's Initials _____  17

than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any).  The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement.  The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are

Defendant's Initials _____        18

felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.   Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

## FACTS

The defendant, Jorge Luis Puello-Pantoja, was part of a conspiracy to distribute five kilograms or more of cocaine knowing and intending that such substance would be unlawfully imported into the United States.

**A. Planning Meetings**

In April 2012, a series of meetings were held in Bogota, Colombia, to discuss and plan an 1,100-kilogram shipment of cocaine from Cartagena, Colombia, to Honduras. The cocaine was then to be routed from Honduras to the La Familia Michoacana Cartel in Mexico for ultimate importation into the United States. Two cooperating defendants – Cooperator 1 and Cooperator 2 – recorded the meetings. There were three meetings in

Defendant's Initials _____        19

total: April 4, April 19, and April 25. Puello-Pantoja was present and participated in the third meeting.

In the April 19 meeting, codefendant Mauricio Ortega-Coneo told Cooperators 1 and 2 that Puello-Pantoja was the Colombian representative of the Valle-Valle Drug Trafficking Organization (DTO), a Honduran-based DTO with ties to the Sinaloa Cartel and other Mexican cartels, and would meet with Cooperators 1 and 2 in Bogota.

On April 25, 2012, in a recorded meeting, Puello-Pantoja met with Ortega-Coneo and Cooperators 1 and 2 at a hotel in Bogota. During that meeting, Puello-Pantoja and the other participants discussed the planning and logistics for receiving the cocaine, transporting the GFV from Medellin to the Caribbean coast of Colombia, and receipt of the cocaine in Honduras.

## B. Interdiction of Stateless Go-Fast Vessel (GFV) on May 12, 2012

On May 12, 2012, a GFV was detected in international waters approximately 157 nautical miles west of Cartagena, Colombia. A United States Coast Guard cutter was deployed to interdict the vessel. During the pursuit, the GFV crew jettisoned the bales of cocaine and escaped to Panama, where they were arrested and later released. The United States Coast Guard recovered approximately 123 kilograms of cocaine from the debris field. One of the mariners on that GFV, Cooperator 3, was arrested as part of a future

and unrelated GFV interdiction. Cooperator 3 identified the other mariners on the GFV and that the amount of cocaine was at least 700 kilograms.

During the course of this investigation, Colombian law enforcement intercepted telephone conversations related to the charged conspiracy in accordance with Colombian law. On May 8, 2012, Puello-Pantoja was intercepted calling a Honduran number and stating that some people were going to leave the next day or possibly in the next few days, in reference to the GFV crew departing with the cocaine intended for Honduras.

On the morning of May 12, 2012, Puello-Pantoja called a Colombian phone number and said that he was worried about an aircraft that was spotted over the GFV. Puello-Pantoja also said that there were was a 70% chance the crew was going to get caught and a 30% chance that the crew could escape. Puello-Pantoja further admitted in the call that the GFV crew was carrying "2,000," in reference to kilograms of cocaine.

## C. Post-Arrest Admissions

On August 8, 2017, while awaiting extradition at La Picota Prison in Bogota, Puello-Pantoja made the following admissions to law enforcement after being advised of his right to remain silent:

- He was involved in the planning for the May 12, 2012 GFV;
- He was the representative for the Valle-Valle DTO and responsible for passing information to high-ranking

Defendant's Initials                 21

members of the DTO, in addition to coordinating the offload of the cocaine in Honduras;

- The cocaine was intended for San Pedro Sula, Honduras;
- He expected to receive $35,000 for the successful delivery of the cocaine; and
- He received a call in the early morning hours of May 12, 2012, that an airplane had spotted the GFV.

12.   Entire Agreement

This plea agreement constitutes the entire agreement between the

government and the defendant with respect to the aforementioned guilty plea

and no other promises, agreements, or representations exist or have been

made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials

13.  Certification

The defendant and defendant's counsel certify that this plea

agreement has been read in its entirety by (or has been read to) the defendant

and that defendant fully understands its terms.

DATED this ___12___ day of ~~May~~ JULY, 2018.


Jorge Luis Puello-Pantoja
Defendant


Daniel Castillo
Attorney for Defendant

MARIA CHAPA LOPEZ
United States Attorney


Daniel M. Baeza
Assistant United States Attorney


Joseph K. Ruddy
Assistant United States Attorney
Chief, Panama Express Strike Force